IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUBEN JOHNATHAN MORGAN, #328720, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:23-cv-156-ECM-JTA ) |
| DENNIS GREEN, et al., | ) ) |
| Defendants. | ) ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, an inmate incarcerated at Elmore Correctional Facility in Elmore, Alabama, filed this *pro se* 42 U.S.C. § 1983 action. (Doc. No. 1.) Upon review of the Complaint, and for the reasons set forth herein, the undersigned RECOMMENDS that this action be TRANSFERRED to the United States District Court for the Northern District of Alabama.

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a).

In his Complaint, Plaintiff does not name any defendants who reside in the Middle District, allege any conduct that occurred in the Middle District, or proffer any reason that venue is proper in the Middle District. Instead, Plaintiff names as defendants Cleburne County Sheriff Dennis Green, Cleburne County Circuit Judge Timothy Burgess, Cleburne County Assistant District Attorney Patrick Casey, and "Alabama Circuit Court." (Doc. No. 1 at 1–2.) His allegations pertain to an incident that occurred in Cleburne County, Alabama. (*Id*. at 2–3.) Cleburne County is located in the Northern District of Alabama. Therefore, the proper venue for this action is the Northern District.

Accordingly, the undersigned RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further ORDERED that, on or before June 9, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of May, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE